**In the United States District Court**
**for the Northern District of Georgia**
**Atlanta Division**

| | |
|---|---|
| Jarred Scruggs, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Crown Realty & Management Corporation; Omega Financial Services, LLC f/k/a Omega Collections, LLC; and Denise Dimbath a/k/a Denise Rene,<br><br>    Defendants. | Civil Action File<br><br>No. 1:12-CV-00233-WSD-ECS |

## OMEGA FINANCIAL SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

COMES NOW, Omega Financial Services, LLC ("Defendant"), and files this, its Answer to Plaintiff's Class Action Complaint as follows:

### First Defense

Plaintiff's Class Action Complaint fails to state a cause of action against Defendant upon which any relief can be granted.

### Second Defense

Defendant hereby asserts the Defense of Lack of Subject Matter Jurisdiction.

### **Third Defense**

Plaintiff's Class Action Complaint fails to identify a cognizable putative class of plaintiffs so numerous that joinder is impracticable, and therefore Plaintiff's class claims must be dismissed.

### **Fourth Defense**

Plaintiff's Class Action Complaint fails to set forth, with particularity, a putative class definition that is viable under state or federal law, and therefore Plaintiff's class claims must be dismissed.

### **Fifth Defense**

Plaintiff's Class Action Complaint fails to identify questions of law or fact that would be common to the putative class and therefore Plaintiff's class claims must be dismissed.

### **Sixth Defense**

Plaintiff's claims are not typical of the claims of the putative plaintiff class, and therefore Plaintiff's class claims must be dismissed and Plaintiff cannot serve as class representative.

## Seventh Defense

Plaintiff cannot fairly and adequately protect the interests of the putative plaintiff class, and therefore Plaintiff's class claims must be dismissed and Plaintiff cannot serve as class representative.

## Eighth Defense

Plaintiff's claims should be dismissed, in whole or in part, to the extent Defendant acted within the scope of Defendant's contractual authority.

## Ninth Defense

The actions or inactions of Defendant were not the proximate cause of the injuries or damage, if any, to Plaintiff and, as a result, Plaintiff cannot recover from Defendant in this action.

## Tenth Defense

Plaintiff has not suffered any damages as a result of any purported act or omission of Defendant.

## Eleventh Defense

The claims presented in the Class Action Complaint are barred, in whole or in part, because this case cannot proceed as a class action consistent with the requirements of Fed. R. Civ. P. 23 and/or the due process requirements of the U.S. Constitution.

## Twelfth Defense

Defendant adopts and incorporates by reference any additional, applicable affirmative defenses presented in the responsive pleading of any other Defendant that is not otherwise presented herein.

## Thirteenth Defense

Defendant expressly reserves the right to supplement the foregoing and to plead any and all additional defenses available under the law that, due to the ambiguity surrounding Plaintiff's allegations, cannot now be articulated.

## Fourteenth Defense

Defendant's alleged violation of the Fair Debt Collection Practices Act, if any, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## Fifteenth Defense

Defendant responds to the enumerated paragraphs of Plaintiff's Class Action Complaint as follows:

1.      Defendant denies the allegations contained in paragraph 1 of Plaintiff's Class Action Complaint.

## <u>JURISDICTION AND VENUE</u>

2.      Defendant denies this Court has jurisdiction over the subject matter of Plaintiff's Class Action Complaint.

3.      Defendant submits to the venue of this Court.

## <u>PARTIES</u>

4.      Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

5.      Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

6.      Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

7.      Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

8.	Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

9.	Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 9 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

10.	Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

11.	Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

12.	Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

13.	Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

14.     Defendant admits the allegations contained in paragraph 14 of Plaintiff's Class Action Complaint.

15.     Defendant admits the allegations contained in paragraph 15 of Plaintiff's Class Action Complaint.

16.     Defendant admits the allegations contained in paragraph 16 of Plaintiff's Class Action Complaint.

17.     Defendant admits the allegations contained in paragraph 17 of Plaintiff's Class Action Complaint.

18.     Defendant admits its principal office address is 10800 Alpharetta Highway, Suite 208-714, Roswell, Georgia 30076.  Defendant denies the remaining allegations of paragraph 18.

19.     Defendant denies the allegations contained in paragraph 19 of Plaintiff's Class Action Complaint.

20.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 20 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

21.     To the extent the allegations contained in paragraph 21 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied.

Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 21 and, accordingly, denies the same.

22.     To the extent the allegations contained in paragraph 22 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 22 and, accordingly, denies the same.

23.     To the extent the allegations contained in paragraph 23 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 23 and, accordingly, denies the same.

24.     To the extent the allegations contained in paragraph 24 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 24 and, accordingly, denies the same.

25.     To the extent the allegations contained in paragraph 25 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 25 and, accordingly, denies the same.

26.     To the extent the allegations contained in paragraph 26 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 26 and, accordingly, denies the same.

27.     To the extent the allegations contained in paragraph 27 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 27 and, accordingly, denies the same.

28.     Paragraph 28 of Plaintiff's Class Action Complaint does not require any response from Defendant.  To the extent a response is required, the allegations contained in paragraph 28 are denied.

## FACTUAL ALLEGATIONS

29.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 29 of Plaintiff's Class Action Complaint and, accordingly, denies the same.

30.     To the extent the allegations contained in paragraph 30 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 30 and, accordingly, denies the same.

31.     To the extent the allegations contained in paragraph 31 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 31 and, accordingly, denies the same.

32.     To the extent the allegations contained in paragraph 32 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 32 and, accordingly, denies the same.

33.     To the extent the allegations contained in paragraph 33 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 33 and, accordingly, denies the same.

34.     Defendant admits the allegations contained in paragraph 34 of Plaintiff's Class Action Complaint.

35.     To the extent the allegations contained in paragraph 35 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 35 and, accordingly, denies the same.

36.     To the extent the allegations contained in paragraph 36 of Plaintiff's Class Action Complaint are directed towards Defendant, Defendant admits that Dimbath is a full-time employee of Crown Realty and Management Corporation, but denies all other allegations as to Defendant.  Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 36 and, accordingly, denies the same.

37.     To the extent the allegations contained in paragraph 37 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 37 and, accordingly, denies the same.

38.     To the extent the allegations contained in paragraph 38 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 38 and, accordingly, denies the same.

39.     To the extent the allegations contained in paragraph 39 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 39 and, accordingly, denies the same.

40.     To the extent the allegations contained in paragraph 40 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 40 and, accordingly, denies the same.

41.     To the extent the allegations contained in paragraph 41 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 41 and, accordingly, denies the same.

42.     To the extent the allegations contained in paragraph 42 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 42 and, accordingly, denies the same.

43.     To the extent the allegations contained in paragraph 43 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 43 and, accordingly, denies the same.

44.     Defendant denies the allegations contained in paragraph 44 of Plaintiff's Class Action Complaint.

45.     To the extent the allegations contained in paragraph 45 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 45 and, accordingly, denies the same.

46.     To the extent the allegations contained in paragraph 46 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 46 and, accordingly, denies the same.

47.     To the extent the allegations contained in paragraph 47 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 47 and, accordingly, denies the same.

48.     Defendant admits the allegations contained in paragraph 48 of Plaintiff's Class Action Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of Plaintiff's Class Action Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of Plaintiff's Class Action Complaint.

51.     To the extent the allegations contained in paragraph 51 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied.

52.     To the extent the allegations contained in paragraph 52 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied.

53.     To the extent the allegations contained in paragraph 53 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 53 and, accordingly, denies the same.

54.     To the extent the allegations contained in paragraph 54 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 54 and, accordingly, denies the same.

55.     Paragraph 55 of Plaintiff's Class Action Complaint does not require any response from Defendant.  To the extent a response is required, the allegations contained in paragraph 55 are denied.

56.     In response to paragraph 56 of Plaintiff's Class Action Complaint, Defendant states the Court of Appeals case Long v. Hogan speaks for itself.  To the extent a response is required, the allegations contained in paragraph 56 are denied.

57.     To the extent the allegations contained in paragraph 57 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 57 and, accordingly, denies the same.

58.     To the extent the allegations contained in paragraph 58 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 58 and, accordingly, denies the same.

59.     To the extent the allegations contained in paragraph 59 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 60 and, accordingly, denies the same.

60.     To the extent the allegations contained in paragraph 60 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 60 and, accordingly, denies the same.

## CLASS ACTION ALLEGATIONS

61.     In response to the allegations contained in paragraph 61 of Plaintiff's Class Action Complaint, Defendant denies this action is appropriate for class

certification and lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 61 and, accordingly, denies the same.

62.     In response to the allegations contained in paragraph 62 of Plaintiff's Class Action Complaint, Defendant denies this action is appropriate for class certification and lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 62 and, accordingly, denies the same.

63.     In response to the allegations contained in paragraph 63 of Plaintiff's Class Action Complaint, Defendant denies this action is appropriate for class certification and lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 63 and, accordingly, denies the same.

64.     In response to the allegations contained in paragraph 64 of Plaintiff's Class Action Complaint, Defendant denies this action is appropriate for class certification and lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 64 and, accordingly, denies the same.

65.     In response to the allegations contained in paragraph 65 of Plaintiff's Class Action Complaint, Defendant denies this action is appropriate for class certification and lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 65 and, accordingly, denies the same.

66.     In response to the allegations contained in paragraph 66 of Plaintiff's Class Action Complaint, Defendant denies this action is appropriate for class certification and lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 66 and, accordingly, denies the same.

67.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 67 and, accordingly, denies the same.

68.     In response to the allegations contained in paragraph 68 a through b of Plaintiff's Class Action Complaint, Defendant denies there are common questions of law or fact and denies all allegations in the paragraphs.

69.     In response to the allegations contained in paragraph 69 of Plaintiff's Class Action Complaint, Defendant denies this action is appropriate for class certification and lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 69 and, accordingly, denies the same.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

70.     To the extent the allegations contained in paragraph 70 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 70 and, accordingly, denies the same.

71.     To the extent the allegations contained in paragraph 71 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 71 and, accordingly, denies the same.

72.     To the extent the allegations contained in paragraph 72 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 72 and, accordingly, denies the same.

73.     To the extent the allegations contained in paragraph 73 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 73 and, accordingly, denies the same.

74.     To the extent the allegations contained in paragraph 74 of Plaintiff's Class Action Complaint are directed towards Defendant they are denied. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 74 and, accordingly, denies the same.

WHEREFORE, having fully responded to the allegations of Plaintiff's Class Action Complaint, Defendant requests this Court to (1) deny certification of the Plaintiff Class and (2) grant judgment in favor of Defendant and against Plaintiff.

## Sixteenth Defense

Each and every allegation contained in Plaintiff's Class Action Complaint that is not specifically admitted herein is hereby denied.

WHEREFORE, Defendant prays that Plaintiff's Class Action Complaint by dismissed with prejudice and that all costs be taxed upon Plaintiff.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

By: /s/ Ned Blumenthal
     Ned Blumenthal
     Georgia Bar No. 064480
     nedblumenthal@wncwlaw.com
     John P. Farrell
     Georgia Bar No. 255860
     johnfarrell@wncwlaw.com
Attorneys for Defendants Crown Realty &
Management Corporation, Omega Financial
Services, LLC, Denise Dimbath

One Alliance Center, 4th Floor
3500 Lenox Road, NE
Atlanta, GA 30326
(404) 926-4588 | F 4788

**In the United States District Court
for the Northern District of Georgia
Atlanta Division**

| | |
|---|---|
| Jarred Scruggs, on behalf of himself and all others similarly situated, | |
| | Civil Action File |
| Plaintiff, | |
| | No. 1:12-CV-00233-WSD-ECS |
| v. | |
| | |
| Crown Realty & Management Corporation; Omega Financial Services, LLC f/k/a Omega Collections, LLC; and Denise Dimbath a/k/a Denise Rene, | |
| | |
| Defendants. | |

## Certificate of Compliance with LR 7.1D, ND Ga.

Counsel hereby certifies that, pursuant to LR 7.1D, NDGa, this filing has been prepared in an approved font, namely Times New Roman 14. Counsel hereby certifies that the margins are in compliance with LR 7.1D.

This 8th day of June 2012.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

By: /s/ Ned Blumenthal
    Ned Blumenthal
    Georgia Bar No. 064480
    nedblumenthal@wncwlaw.com
    John P. Farrell
    Georgia Bar No. 255860
    johnfarrell@wncwlaw.com
Attorneys for Defendants Crown Realty &
Management Corporation, Omega Financial
Services, LLC, Denise Dimbath

One Alliance Center, 4th Floor
3500 Lenox Road, NE
Atlanta, GA 30326
(404) 926-4588 | F 4788

**In the United States District Court
for the Northern District of Georgia
Atlanta Division**

| | |
|---|---|
| Jarred Scruggs, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>Crown Realty & Management Corporation; Omega Financial Services, LLC f/k/a Omega Collections, LLC; and Denise Dimbath a/k/a Denise Rene,<br><br>     Defendants. | Civil Action File<br><br>No. 1:12-CV-00233-WSD-ECS |

---

**Certificate of Service**

---

I hereby certify that on June 8, 2012, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Kris Skaar, Esq.             krisskaar@aol.com
Justin T. Holcombe, Esq.    jholcombe@skaarandfeagle.com
James M. Feagle, Esq.      jfeagle@skaarandfeagle.com

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

By: /s/ Ned Blumenthal
      Ned Blumenthal
      Georgia Bar No. 064480
      nedblumenthal@wncwlaw.com
      John P. Farrell
      Georgia Bar No. 255860
      johnfarrell@wncwlaw.com
Attorneys for Defendants Crown Realty &
Management Corporation, Omega Financial
Services, LLC, Denise Dimbath

One Alliance Center, 4th Floor
3500 Lenox Road, NE
Atlanta, GA  30326
(404) 926-4588 | F 4788

100203041_1.docx/7308-1172